# Hacker Declaration

# Exhibit 4
# 2009 RISPE Amendment

# RISPE
# PPA AMENDMENT
# JULY 16, 2009

July 16, 2009

## MONY LIFE RETIREMENT INCOME SECURITY PLAN FOR EMPLOYEES

**WHEREAS**, the MONY Life Insurance Company (the "Company") sponsors the MONY Life Retirement Income Security Plan for Employees ("RISPE," capitalized terms not defined herein are defined in RISPE) for certain eligible employees and retail sales managers of its affiliates, including AXA Equitable Life Insurance Company;

**WHEREAS**, the Company desires to amend RISPE to conform to certain changes in the law enacted by the Pension Protection Act of 2006 and to clarify certain other provisions of RISPE concerning valuation of benefit accruals;

**WHEREAS**, Section 13.1 of RISPE provides that the Company reserves the right to make, from time to time, any amendment that it may deem advisable;

**WHEREAS**, the Board of Directors of the Company, in Resolution No. 13-07, adopted May 17, 2007, authorized the Chairman of the Board, President and Chief Executive Officer of the Company, as he deems necessary or desirable, to amend the employee benefit plans maintained by the Company and to delegate to one or more officers his authority to amend such plans;

## NOW, THEREFORE, PURSUANT TO THE AUTHORITY DELEGATED TO THE CHAIRMAN OF THE BOARD, PRESIDENT AND CHIEF EXECUTIVE OFFICER:

1. I hereby amend RISPE to revise Section 1.3(a) to read as follows, effective as hereby written:

(a) For purposes of determining lump sum distributions and for all other payment forms subject to Code Section 417(e) (as described in Sections 3.11.4, 6.2.2, 6.3, 6.5.1, 9.2, and 9.6), payable to Participants who commence payments after December 31, 1999, Actuarial Equivalent value shall be calculated using the following assumptions:

| | |
|---|---|
| Applicable Mortality Table: | Effective January 1, 2008, the mortality table described in Revenue Ruling 2001-62 or such other mortality table as prescribed by the Secretary of the Treasury under Code Section 417(e). |

Applicable Interest Rate: Effective January 1, 2008, the applicable interest rate shall be the interest rate prescribed by the Secretary of the Treasury under Code Section 417(e).

2. I hereby amend Section 1.60 of RISPE to read as follows:

1.60 <u>Normal Retirement Age</u>

Normal Retirement Age means the date on which the Participant has attained his or her 65th birthday and has either (i) completed three Years of Vesting Service (effective on or before June 30, 2009, five Years of Vesting Service) or (ii) has attained his or her fifth anniversary of participation in the Plan.

3. I hereby amend the first paragraph of Section 3.4.2 of RISPE in its entirety, effective January 1, 2009, to read as follows:

An Eligible Employee who Terminates from Service on or after his or her Early Retirement Date and who retires prior to his or her Normal Retirement Date shall also receive a supplementary benefit until the month preceding his or her Normal Retirement Date ("Supplementary Benefit"). The Supplementary Benefit equals the product of (1) (a) 0.75% for Participants born before January 1, 1938 (b) 0.70% for Participants born after December 31, 1937 and before January 1, 1955 or (c) 0.65% for Participants born after December 31, 1954, (2) the Participant's Years of Benefit Accrual Service up to 35 years, and (3) the Participant's Final Average Salary, not to exceed Covered Compensation. A Participant who has a Grandfathered Benefit under Section 3.3 will have his or her supplement determined under the Plan supplement formula in effect on December 31, 1988. The Supplementary Benefit shall not apply to the Employer Contribution Account, the Cash Balance Account or the RISPE Cash Balance Account portion of a Participant's Accrued Benefit. The Supplementary Benefit shall be paid regardless of the form of benefit elected under Sections 9.1 or 9.2 and shall not be subject to any adjustment due to commencement of the Benefit at any age.

4. I hereby amend RISPE to revise the first sentence Section of 4.5(a)(i), effective January 1, 2008, to eliminate the reference to Social Security supplements in (II) and to read as follows:

### 4.5 Adjustments to Timing or Form of Benefit

(a) Conversion of Annual Form of Benefit to Straight Life Form.

(i) Forms of Benefit Not Subject to Code Section 417(e)(3). The straight life annuity that is actuarially equivalent to the Participant's form of benefit shall be determined under this Section 4.5(a)(i) if the form of the Participant's benefit is either: (1) a non-decreasing annuity (other than a straight life annuity) payable for a period of not less than the life of the Participant (or, in the case of a qualified pre-retirement survivor annuity, the life of the surviving spouse), or (2) an annuity that decreases during the life of the Participant merely because of (I) the death of the survivor annuitant (but only if the reduction is not below 50% of the benefit payable before the death of the survivor annuitant), or (II) qualified disability payments (as defined in Code Section 401(a)(11)).

5. I hereby amend Section 6.1(a) of RISPE to read as follows:

### 6.1 Distribution Upon Retirement

(a) A Participant who has attained his or her Early or Normal Retirement Age, and has completed at least five Years of Vesting Service is eligible to receive a distribution of his or her entire Accrued Benefit, provided that effective July 1, 2009, a participant must have completed three Years of Vesting Service to be eligible to receive a distribution of his or her entire Accrued Benefit.

6. I hereby amend the first three subsections Section 6.2.2(a) of RISPE, effective January 1, 2009, to add a reference to active employment and to the RISPE Cash Balance Account to read as follows:

### 6.2.2 Death Prior to Commencement of Benefits

(a) If a Participant who is an Employee dies before his or her Benefit Commencement Date with a Surviving Spouse, the Qualified Preretirement Survivor Annuity payable to the Surviving Spouse shall be determined as follows:

      (i)     The portion of the Qualified Preretirement Survivor Annuity attributable to the Participant's Defined Benefit (excluding the portion of a Participant's Defined Benefit attributable to his or her Cash Balance Account or RISPE Cash Balance Account) shall be determined as follows:

            (1) 50% of the amount which would have been payable as an annuity for the life of the Participant under the Qualified Joint and Survivor Annuity form of benefit based solely on a Participant's Defined Benefit (calculated excluding the portion of a Participant's Defined Benefit attributable to his or her Cash Balance Account or RISPE Cash Balance Account) determined as follows:

7. I hereby amend Section 6.2.2 of RISPE to add a new subsection 6.2.2(d) regarding terminated Employees to read as follows:

    (d)     If a Participant who is not an active Employee dies before his or her Early Retirement Date with a Surviving Spouse, the Survivor Annuity payable to the Surviving Spouse attributable to the Participant's Defined Benefit (excluding the portion of the Participant's Defined Benefit attributable to his or her Cash Balance Benefit or RISPE Cash Balance Account) as described in Section 6.2.2(a)(i)(1) shall be determined as stated in Section 6.2.2(a)(i)(1) by calculating the Early Retirement Benefit as provided under Section 3.4, except that the Early Retirement Benefit shall be calculated using an actuarial adjustment factor equal to 4% for each full year that the Participant is less than Early Retirement Age as of his or her death. Adjustment factors for fractional ages will be determined by linear interpolation.

8. I hereby amend RISPE, effective January 1, 2008, to revise Section 9.6(c) to read as follows:

    (c)     If a Surviving Spouse is more than four years younger than the Participant, the SSIB described in Section 9.6(b) which is 25% of the Straight Life Annuity that would have been payable if the Participant had retired on the day before his or her death and deferred payment to his or her Normal Retirement Date, shall be reduced by 0.5% for each year in excess of a four-year age difference.

9. I hereby authorize the officers of the Company to do all such things and execute and deliver all such instruments and documents as may be necessary or appropriate to carry out the intent of the foregoing resolution (as conclusively evidenced by the taking of such action or the execution and delivery of such instruments and documents as the case may be).

_____
Christopher M. Condron
Chairman of the Board, President and
Chief Executive Officer
MONY Life Insurance Company